Withers, J.
dissenting. — These cases have been considered and determined upon the question, whether, under the circumstances stated in the report; a principal can be called to prove for his sureties, when they are sued (as in this case) on the joint and several note, that the creditor had agreed to postpone his action beyond the time when it was actually commenced.
It is said in the report in general words that he was excluded, nor is the ground stated upon which he was excluded. But if properly excluded it could only be on the ground that if the plaintiff in these cases recovered against the defendants, he, the witness, as their principal, would be liable to them for the costs of such recoveries, and, therefore, that he had a direct and certain interest in preventing the success of the plaintiff. He could not be held incompetent on any other ground, for he was not called to prove any other fact than that stated ; and as to the debt and interest, if these *187 actions failed, the witness was liable notwithstanding to be sued by the plaintiff for that amount, and immediately, so far i as his testimony is concerned. •
ia5¡ Law Lib. vól.40.
5 gsp Rep_ 171.
20 Eng. C. L. Rep.
Then the question is whether the witness was certainly liable for costs in case the defendants failed in their defence.
In this particular instance it may possibly be concluded that he should be so held, since it might be argued that he could not say the defence of his sureties (these defendants,) was unauthorised by him, as well as unnecessary and indiscreet, seeing he was himself willingly aiding and abetting that defence; and moreover his testimony, if received and believed, would have made the defence effectual. However this may be, I do not understand this ground to be assumed by the Court. -
My object, however, in using my own words on this occasion. is to enter a caveat against the general conclusion that, as a rule of law, the principal, in a joint and several note, is liable for the costs encountered by his surety in a defence against the creditor. I believe the general rule in such cases to be otherwise, and the general reason otherwise.
Pitman, on the law of principal and surety, lays down the following proposition, to wit, — “Nor will the party (meaning the surety) be allowed his costs if he put the party to a useless expense by defending an action which he ought not to have defended, notwithstanding he may have received an indemnity.”
The doctrine appears to be well sustained by the cases. I will state some of them. Fisher v. Fallows. Bail had sent after their principal. The messenger secured him and demanded twelve guineas — not being readily paid he sued the plaintiffs and recovered his compensation, and costs of course. The plaintiff sued the principal forre-imbursement, and Lord Ellenborough held as follows: — “ The principal engages to indemnify the bail for all expenses fairly arising from his situation as bail — all charges necessary to secure himself.” (So he was held to be entitled to recover the 12 guineas.) “ But as for the costs of action, which he took defence to unadvisedly, he should either have defended that action if the demand was unfounded, or paid the money if it could be legally claimed from him; but having defended the action without foundation, he cannot charge the defendant with the costs incurred in such an improvident defence.” Bleadon v. Charles. H. deposited with defendant, as security for goods sold, a bill accepted by the plaintiff, for which the plaintiff had received no value. H. afterwards paid for the goods, and demanded the restoration of the bill; but the defendant endorsed it, for value, to G., who sued plaintiff and recovered. The Court held, that the plaintiff might recover of the defendant the amount of the bill, in the action for money paid to *188 his use, but not the costs of the action by G. against the plaintiff. ",
19 Eng. c. L. Rep. 338. p. 504.
*188 Roach v. Thompson. The plaintiff accepted a por £i4g) for the accommodation of one T. who gave it to N. for a particular purpose ; N. borrowed £10 of defendant and gave him this bill as a security. This sum of £10 was repaid by N. but the bill was not given up, and the defendant endorsed it for value to K. who, when it was dishonored, caused both the plaintiff and T. to be arrested, and the plaintiff paid the amount of the bill and the costs of both arrests. It was determined that the plaintiff was entitled to recover from defendant the amount of the bill but not the costs of the two arrests.
It appears to me that in each of these three cases the plaintiff was very meritorious. In the two last he was an accommodation acceptor — and the defendants, each of them, had thrown upon him a liability by the violation of faith — by the appropriation to their own use, through an innocent purchaser of the bills, papers that were on pledge, but had been redeemed. These defendants, then, were fit subjects for the harshest application of any sound rule of law. Yet they were excused from costs, because the defence of the plaintiffs was unnecessary, since it could not be successful, or at least was not.
Care should be taken not to range dissimilar things in the same category. It is a very favorite doctrine that one shall be allowed to recover money paid, laid out and expended at the defendant’s special instance and request and for his use. That fits the case of a surety suing his principal for the debt and interest which he has paid for him. But, as a general rule, how does it appear that the surety has been acting at the instance and request of a principal in defending an action where there was no good ground of defence — where he has not called on the principal for instruction, in a state of things not originally contemplated, or required him to conduct the defence ? I have said in a state of things not originally contemplated, for it would be a singular inference of law to impute to the makers of a note, contrary to its terms, the implication, first, that it was not to be paid until the creditor forced payment by judgment, and second, that as between principal and surety it shall be understood that neither shall pay according to his promise, and that the surety shall defend the action, and the principal shall reimburse him the costs. Surely no request is to be implied as arising out of a state of things contradictory to the express undertaking of the parties; which is, to pay, and not to litigate. Upon any general doctrine that would make the principal liable for tax costs, he would, I think, also be liable for counsel fee — for if the indemnity is to be implied at all there is no reason to distinguish.
26Eng. c. L. 591,
p.3i8ofthe 10the<j^mer'
note‘, 1
g McCord, 459.
It would appear, from what has been said, that the liability of the principal, in the case under discussion, depends upon the proof that the defence by his surety was judicious, reasonable — or else authorized by the principal. Such liability then is the exception and not the general rule. It isa doubtful liability — depending on circumstances — and if so, the interest is not certain, direct, and necessarily following the termination of the cause. Hence it will not do to lay down the broad proposition, (and against this I am endeavoring to guard on this occasion) that the principal is an incompetent witness, for the surety, because he is liable for the costs of the pending suit if the surety fail.
The doctrine is laid down in pretty broad terms in Green-leaf on Evidence ; and also by Phillips in his first volume. By some of the cases referred to by those authors which I have consulted, the broad terms used are not sustained. The language of Chitty in his late edition on Contracts is this— that in the case of an accommodation acceptor or endorser he is entitled to recover such costs as may “necessarily and reasonably be charged? But he adds — “ Where a party is either expressly or impliedly indemnified against the demand of a third person, he cannot unnecessarily and without express authority, defend an action, and then claim the costs from the person guaranteeing; in other words, he cannot claim reimbursement if the demand were so clear that a de-fence was hopeless.”
If this be true, how can the liability be affirmed as a general rule? Would not the inference be lpri/ma facie? otherwise ?
Certainly a special allegation is necessary to enable even an accommodation acceptor to recover the costs from the drawer whom he has obliged, and this was ruled in Seaver v. Seaver. The form of such an allegation may be seen in the precedents of Mr. Chitty in his second volume on Pleading. Now if the obligation to pay costs goes on the implied assumpsit, (as that to refund the principal and interest does)— ■if it be the general rule arising from the payment of' money for another on his implied request — why not recover in general indebitatus assumpsit ? That this may not be done shews very clearly that such right to recover depends on special circumstances ; that is, each case has its own law, to arise from the particular facts. Wherefore I see not how a general of legal obligation can be inferred.
It would seem, that the surety, by the French law, has no remedy for his expenses except such as were incurred after he has given notice to the principal debtor of the proceedings against himself.
The doctrine which I have been questioning receives no countenance from our own case of Steele v. Sawyer & Steele, *190 which ruled that the acceptor of a bill of exchange and the ma¡íer 0f a promissory note are not liable to the endorser for 'the costs which he may have incurred in consequence of de°f payment by them.
I do not understand that any aid is expected from the idea that the witness excluded in the case before us was a party to paper which was the cause of action. That’ circum • stance merely would not exclude him.
Upon the whole I do doubt whether we are authorized to lay down the general rule, that when a surety is sued by the common creditor and the principal is called by him as a witness, that principal being liable to the creditor instanter for the whole demand, and nothing more appears, he should be excluded, on the ground that he is liable to the surety for the costs of the pending action, if the party fails therein.